164

Charles F. Meroni, of Chicago, Ill. (Charles F. Meroni and Charles W. Hills, both of Chicago, Ill., on the brief), for appellants.

Robert A. Choate and John M. Kisselle, both of Detroit, Mich. (Stuart C. Barnes, John M. Kisselle, Robert A. Choate, and Barnes, Kisselle, Laughlin & Raisch, all of Detroit, Mich., on the brief), for appellee.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

This suit involves Patents 1,924,085 and 1,955,710, relating to metal covers for spare automobile tires. The District Court held both patents invalid and also decided that Patent 1,924,085 was not infringed.

In view of the fact that appellee's accused structures do not infringe Patent 1,924,085, we deem it unnecessary to discuss the question of its validity. The field was narrow and if the patent is valid, a question which we do not decide, it cannot be considered as disclosing a pioneer invention. It therefore is not entitled to a broad construction. This fact is emphasized by the file-wrapper history, which shows that appellants definitely narrowed the claims in suit pursuant to interviews with the examiners, in order to distinguish the disclosure from the tire covers of the prior art.

It is an essential feature of appellants' cover, as contended before the examiners, and as described in Claims 5, 12, 13 and 14, that there is a "freely and transversely sliding fit" between the split ring section of the tire cover and the rigid section with which it is designed to engage. Claim 4 describes this feature as "a yieldable sliding contact." Appellee's cover sections afford no sliding movement relative to each other. When the toggle is brought into locking position, appellee's device forms a rigid box. The sections are locked with a toggle-clamp and not by the action of the resilient retaining ring, as is the case with appellants' cover. Appellee's cover is very similar to that disclosed by Hammond, Patent 1,651,769, application filed May 19, 1921. The spacing springs of Hammond's metal cover, provided to adapt the rim of the cover to tires of varying diameter are very like those of the accused devices, and the clamping means of the two disclosures are similar. These are not used in the patent in question. Cf. Lyon, Inc., v. Clayton & Lambert Mfg. Co., D.C., 13 F.Supp. 331, 332, affirmed 3 Cir., 90 F.2d 97, which involved certain of the accused devices presented herein.

Patent 1,955,710, which reveals an assembly for mounting a spare wheel and for bolting the tire cover thereto, discloses no patentable invention over the prior art. The District Court correctly found that the tire cover is fastened to the same type of member that was in common use previously for supporting the spare tire in the same manner; that is, by placing the tire cover over studs and fastening the cover to the studs by means of nuts. This device was used to fasten spare wheels and tires to automobiles for a number of years prior to the application for this patent.

The judgment dismissing the bill of complaint is affirmed.